John DISTEFANO, Plaintiff–Appellant,

v.

Jean Donnelly MACLAY, Ann Barry Natter, and Mary Jane Donnelly, Defendants–Appellees.

Docket No. 03–9154.

United States Court of Appeals, Second Circuit.

May 13, 2004.

William Power Maloney, Esseks, Hefter & Angel, Riverhead, New York, for Appellant.

Michael S. Fried (Kevin C. Maclay, of counsel), Jones Day, Washington, D.C., for Appellees.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN,[1] District Judge.

SUMMARY ORDER

Plaintiff–Appellant John DiStefano appeals from an award of summary judgment

---

1. The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

in favor of Defendants–Appellees Jean Donnelly Maclay, Ann Barry Natter, and Mary Jane Donnelly (the "sellers") on his state-law claims for specific performance and breach of contract. We review an award of summary judgment *de novo,* drawing all factual inferences in favor of the non-moving party. *See SCS Communications, Inc. v. Herrick Co.,* 360 F.3d 329, 338 (2d Cir.2004). "Summary judgment is appropriate only where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). We assume familiarity with the record before the district court and with its challenged ruling.

Defendants terminated a contract for the sale of real property to DiStefano pursuant to a clause that states: "This contract is expressly conditioned and contingent upon purchaser, at purchaser's own cost and expense obtaining a building permit. . . . In the event that said building permit has not been obtained within 180 days from the date hereof, either party shall have the right to cancel this contract." Contract, Rider B, ¶ 1.[A20] Neither party disputes that when defendants exercised their cancellation right on November 10, 2000—more than nine months after the 180-day period expired—DiStefano had not procured a building permit.

■ Nevertheless, DiStefano contends that summary judgment was improperly awarded in light of a material factual dispute regarding his waiver of the permit condition a few days before defendants terminated the contract, thereby rendering their termination untimely and ineffective. This unilateral waiver argument is unavailing. The New York Court of Appeals, in *W.W.W. Associates, Inc. v. Giancontieri,* 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990), held that a contingency clause that, on its face, gives both contract-

ing parties the right to cancel if the specified event does not occur, "confers a reciprocal right on both parties to the contract." *Id.* at 163, 565 N.Y.S.2d at 443, 566 N.E.2d 639. That right to cancel the contract cannot be unilaterally waived. The holding of *W.W.W. Associates* is directly applicable to this case and precludes the validity of DiStefano's attempted unilateral waiver.

■ Even if DiStefano's attempt to distinguish his case from *W.W.W. Associates* were convincing, the fact remains that he proffers evidence of only an oral waiver and the contract expressly provides that its provisions cannot be "waived, changed or cancelled except in writing." Contract, ¶ 28. DiStefano acknowledges that such written waiver requirements are enforceable under New York law, *see* N.Y. Gen. Oblig. Law § 15–301 (1999); *see also John Street Leasehold LLC v. FDIC,* 196 F.3d 379, 382 (2d Cir.1999) (per curiam); *Towers Charter & Marine Corp. v. Cadillac Ins. Co.,* 894 F.2d 516, 522 (2d Cir.1990) (citing *Rose v. Spa Realty Assocs.,* 42 N.Y.2d 338, 343, 397 N.Y.S.2d 922, 926, 366 N.E.2d 1279 (1977)), however, he contends that the parties' conduct in this case evidences waiver of their written waiver agreement.

Despite § 15–301, New York recognizes oral modification or waiver of a contractual provision, but only under limited circumstances, specifically, (1) "when there has been partial performance of an agreement to modify, so long as the partial performance is unequivocally referable to the oral modification," or (2) "when one party has induced the other party to rely on an oral modification" such that "the first party may be equitably estopped from invoking the requirement that any modification be in writing." *Towers Charter & Marine Corp. v. Cadillac Ins. Co.,* 894 F.2d at 522 (internal quotation marks omitted); *see also Rose v. Spa Realty Assocs.,* 42 N.Y.2d

at 343, 397 N.Y.S.2d at 926, 366 N.E.2d 1279. DiStefano fails to adduce facts to support either a partial performance or equitable estoppel exception in this case. Instead, he points to evidence that the parties were in the habit of communicating with one another over the telephone, rather than in writing, about the status of variance applications necessary to DiStefano's procurement of a building permit. The fact that parties communicate orally about the status of their affairs with a view toward concluding a contract does not indicate an agreement to perform the contract on any terms other than those stated in the written agreement. Certainly, it does not indicate a willingness to waive the contract's requirement for written waiver of any of its terms.

■ In a final effort to avoid summary judgment, DiStefano argues that defendant's termination notice was barred by laches. The equitable doctrine of laches, as defendants note, bars a plaintiff from initiating a lawsuit when his unreasonable delay has prejudiced the other party, *see* *Hill v. W. Bruns & Co.*, 498 F.2d 565, 568 (2d Cir.1974); *Dreikausen v. Zoning Bd. of Appeals*, 98 N.Y.2d 165, 173 n. 4, 746 N.Y.S.2d 429, 433 n. 4, 774 N.E.2d 193 (2002); it does not apply to the delayed exercise of a contractual right. DiStefano does not assert otherwise in his reply brief.

In sum, because the facts adduced, even when viewed in the light most favorable to DiStefano, cannot support a partial performance or equitable estoppel exception to the subject contract's written waiver requirement, DiStefano cannot succeed on his contract claim as a matter of law. Accordingly, the district court's September 30, 2003 judgment is hereby AFFIRMED.